# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAURICES INC.; *et al*., <br><br> Defendants. | Case No.: CV13-02811 SVW (FFMx) <br><br> **[PROPOSED] ORDER ON STIPULATION AND REQUEST FOR ENTRY OF A PROTECTIVE ORDER** <br><br> **NOTE CHANGES MADE BY COURT** |

The terms and condition set forth in this stipulation and request for entry of a protective order are hereby granted:

1. **STATEMENT OF GOOD CAUSE:** This action involves claims for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.* The Parties, who are manufacturers and vendors of textile designs and apparel retailers, are direct and/or indirect competitors of each other. A primary element of

this case is related to Plaintiff's claim that because of Defendants' alleged wrongful acts, Plaintiff has lost substantial business relating to one of its copyrighted designs. The Parties therefore recognize that extensive discovery requesting information from the Parties, their vendors, customers and clients, including financial information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiff's claims and/or Defendants' defenses thereto. There will also potentially be multiple depositions of the Parties' employees or agents and third party vendors, customers or clients, and such persons will likely be asked to answer questions on these potentially sensitive subject areas. The Parties, as competitors in the industry, will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other Parties and/or the public at large. This Stipulated Protective Order ("Order") is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein. This Order is also necessary for the orderly management of this litigation. Without this Order, the exchange of party information, as well as information needed from third-party vendors, customers or clients, may become logistically very difficult, time consuming and expensive. Accordingly, the Parties submit that good cause exists for the entry of this Order.

    2.    The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

    3.    **NOW, THEREFORE**, the parties agree as follows:

**A.     Definition of "Confidential Information"**

1. "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

   (a)   derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use;

   (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

   (c)   is otherwise regarded by a party as being confidential, private, or proprietary in nature.

2. Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

3. "Attorneys' Eyes Only" shall mean that the disclosing party has a reasonable belief that the information disclosed, if known to one or more parties in the case would have a reasonable chance of putting the disclosing party to a competitive disadvantage or otherwise result in

the disclosure of sensitive proprietary information that could cause future harm.

B. **Production of Confidential Information**

1. All efforts by any party or witness in this matter to designate any information as "Confidential" shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2. All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms of this order, infra , prior to disclosure, by use of a reasonably conspicuous and prominent mark. In the case of documents, the mark shall be on every page.

C. **Levels of Confidentiality:** Any information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

1. "Confidential-Attorneys' Eyes Only" -- Information designated as "Confidential-Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

(a) Attorneys acting on behalf of the parties in this matter;

(b) The office personnel employed by the counsel working under the direct supervision of said counsel;

(c) The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending; and

(d) Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

2. "Confidential" -- Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

(a) All "Confidential-Attorneys' Eyes Only" persons as described above; and

(b) All employees, officers, and directors of each party of record. It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this order, its terms, and the consequences of an unauthorized disclosure.

**D.    Depositions**

1. Any party may designate testimony on oral deposition as "Confidential" or "Confidential-Attorneys' Eyes Only". The designation of such testimony shall be made at any point during the

deposition by so stating on the record and identifying the level of protection desired.

2. Once testimony has been designated as "Confidential" or "Confidential-Attorneys' Eyes Only", only the following persons shall be present for the answer:

    i.    Persons authorized under this Order;

    ii.    The deponent; and

    iii.    The reporter and videographer.

3. Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts–by the various levels of confidentiality–and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

4. A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

5. Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

6. Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Confidential-Attorneys' Eyes Only" and the deponent.

### E. Items Filed with the Court

1. When any documents, things, or testimony in whatever form is filed or lodged with Court that is designated as "Confidential" or "Confidential-Attorneys' Eyes Only", they shall be **submitted for filing and/or lodgment with an application** ~~filed with, and maintained under seal or in camera by, Court~~ pursuant to Central District L.R. 79-5.

2. To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

### F. Inadvertent Disclosure

1. The inadvertent or unintentional disclosure of "Confidential" or "Confidential-Attorneys' Eyes Only" or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection or privilege informs the opposing parties of its claim within a reasonable time after learning of the disclosure.

2.  The Receiving Party shall promptly destroy, sequester, or return to the Disclosing Party any protected or privileged item discovered by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection or privilege. If the Receiving Party disclosed the protected or privileged item before being notified of the Disclosing Party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

G.  **Acknowledgment of Order:** Each person required by this Order to sign a statement agreeing to be bound must sign a statement to be delivered to and maintained by the Disclosing Party which states the following:  I have read the Protective Order issued by the United States District Court for the Central District of California in the matter of *United Fabrics International, Inc. v. Lane Bryant Purchasing Corp., et al.,* case number CV-13-01809-SVW (PLAx), regarding confidentiality of materials designated by the parties and their counsel.  I understand and agree to be bound by the terms of this Order.

H.  **Agreement of Parties to Order:** All parties, their counsel, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

**I.** **Objection to Designation:** This Agreement does not act as an admission by any Receiving Party that any property, documents, or information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" by any Disclosing Party is in fact Confidential Information, and each party reserves the right to challenge as improper, by motion or otherwise, the designation by the other party.

**J.** **Continuing Effect of Order:** At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party all materials designated as confidential and shall thereafter continue to respect all obligations hereunder as to such designated materials. The Receiving Party shall not retain any copies of such materials for any purpose including archival without the express written consent of the Disclosing Party, except:

1. for archival purposes, the Receiving Party will be entitled to maintain a record by list or directory for the documents that were received and returned; and

2. outside counsel of record may retain bona fide work product pursuant to all obligations hereunder as to such designated materials.

**K.** **Additional Relief:** No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

**L.     Use for This Litigation Only**

1.     Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2.     In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with legal process or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.

**M.     Execution of Agreement:**  This agreement shall be deemed effective as between the Parties upon execution by the undersigned stipulating counsel.

IT IS SO ORDERED.

Dated: August 15, 2013     By:  **/ S / FREDERICK F. MUMM**
United States Magistrate Judge
Honorable Frederick F. Mumm